NO. 07-05-0178-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 31, 2005



______________________________




IN RE CHARLES WAYNE FARNSWORTH, RELATOR



_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator Charles Wayne Farnsworth, proceeding pro se and in forma pauperis, seeks
a writ of mandamus against Jo Carter, in her capacity as District Clerk of Randall County. 
Specifically, he requests that Carter be compelled to transmit numerous documents and
items to him for preparation of an application for writ of habeas corpus under article 11.07
of the Texas Code of Criminal Procedure. We deny the petition.

 Appellant asserts that by letter dated April 10, 2005, he sought, among other things,
documents and evidentiary items from an undisclosed proceeding from Carter. His request
being unanswered, he contends he has no other adequate remedy at law and seeks a writ
of mandamus. A court of appeals has the authority to issue writs of mandamus against a judge of
a district or county court in the court of appeals's district and all writs necessary to enforce
its jurisdiction. Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2004-05). In order for a
district clerk to fall within our jurisdictional reach, it must be established that the issuance
of the writ of mandamus is necessary to enforce our jurisdiction. In re Jose A. Coronado,
980 S.W.2d 691, 692-93 (Tex.App.-San Antonio 1998, no pet.). Relator has not
demonstrated that the exercise of our mandamus authority against the Randall County
District Clerk is appropriate to enforce our jurisdiction Consequently, we have no authority
to issue a writ of mandamus against Jo Carter.

 Accordingly, the petition for writ of mandamus is denied.

 Don H. Reavis

 Justice




PANEL A

DECEMBER 11, 2008

______________________________


SUMMER DAWN TEETERS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A 14557-0207; HON. ED SELF, PRESIDING

_______________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ.
 
MEMORANDUM OPINION
          Appellant, Summer Dawn Teeters, appeals from an order adjudicating her guilty of
the offense of credit card abuse and sentencing her to two years in a State Jail Facility. 
Appellant originally pled guilty to the offense of credit card abuse and, pursuant to a plea
bargain, received a deferred adjudication community supervision for a period of one year. 
The State filed a motion to adjudicate, and a subsequent amended motion to adjudicate,
alleging a number of violations of the terms and conditions of community supervision. After
hearing the motion to proceed with adjudication, the trial court continued appellant on
deferred adjudication community supervision and extended her supervision period. 
Subsequently, the State filed another motion to adjudicate appellant. At the hearing on this
motion to adjudicate, appellant pled true to the allegations contained in the motion. The
trial court found the allegations contained in the State’s motion to be true and adjudicated
appellant guilty of the offense of credit card abuse. After hearing the punishment evidence,
appellant was sentenced to a term of confinement of two years in a State Jail Facility. This
appeal followed. We affirm.
          Appellant’s attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court’s judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of her right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of her right to file a pro se
response. Appellant has not filed a response.
          By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
          Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s
judgment is affirmed.



 
Mackey K. Hancock

Justice





Do not publish.